# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DENISE SOBILO f/k/a IMAN SELEMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HAMED SELEMAN, A. SAMI M. ) <br> RAGEB, a/k/a SANI ROJEB, JOSEPH S. ) <br> RAVAGO, MOHAMMED ) <br> MAHMUTOVIC, individually and d/b/a ) <br> ILLINOIS HEATING AND COOLING, ) <br> CARMELO ROMAN, individually and ) <br> d/b/a FINAL TOUCH REMODELING ) <br> SERVICE, INC., ) <br> ) <br> Defendants. ) | Case No. 06 C 0461 <br><br> Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Plaintiff Denise Sobilo ("Plaintiff") filed suit against her exhusband, Hamed Seleman ("Seleman"), A. Sami M. Rageb, Joseph S. Ravago, Mohammed Mahmutovic, Carmelo Roman, and Kamal Ibrahim (collectively "Defendants") for selling off pieces of her marital property, profiting from those sales, and concealing that profit from her. Specifically, Sobilo alleges that she and her exhusband owned two pieces of real estate while they were married and Defendants orchestrated a scheme to make it appear that the sale of those properties resulted in little or no profit, when in truth, the Defendants split proceeds in excess of three quarters of a million dollars. For reasons excused by this Court, Plaintiff only has been able to serve two Defendants – Joseph S. Ravago ("Ravago") and Sami M. Rageb ("Rageb") (collectively, "the Moving Defendants"). The Moving Defendants seek to have the Complaint dismissed for failing to allege fraud with the requisite particularity of Fed. R. Civ. Pro. 9(b).

Because Plaintiff has pled the alleged fraud with the particularity required by Rule 9(b) and has stated a claim under Rule 12(b)(6), Defendants Ravago's and Rageb's motions to dismiss are denied.

## Plaintiff's Allegations

Count I of the Complaint alleges that in 2004 Seleman sold property located at 5140 South King Drive in Chicago, Illinois for an amount in excess of $400,000, though the closing statement of the sale showed net proceeds of only $7,000. (Compl., Count I ¶¶ 12, 16). Seleman held legal title to the multi-unit building during his marriage with Plaintiff and the building therefore was a marital asset subject to division by the parties in their divorce proceedings. (Compl., Count I ¶ 11). The other defendants aided Seleman in obscuring the $400,000 profit from Plaintiff through a scheme involving false lien waivers. (Compl., Count I ¶¶ 12-16). The other defendants, through Seleman's attorney, Ravago, submitted false lien waivers to the title company which handled the disbursements for the sale of the King Drive property. (Compl., Count I ¶ 15). After receiving the false lien waivers, the title company disbursed funds to the other defendants. In turn, the other defendants kicked back the money they received from the title company to Seleman. (Compl., Count I ¶ 16). The Complaint lists the specific amount each defendant kicked back to Seleman. (Compl., Count I ¶ 17). As a result of the kickbacks, Seleman profited in excess of $400,000 from the sale of the King Drive property but concealed that profit in order to deprive Plaintiff of her fair marital share of the proceeds. (Compl., Count I ¶ 12).

Count II of the Complaint alleges that in 2004 Seleman and Rageb conspired to and did perpetrate a fraud against Plaintiff whereby Seleman transferred real property

located at 3553 W. Irving Park in Chicago, Illinois to Rageb through a quitclaim deed. (Compl., Count II ¶ 11-18). This property was also owned by Seleman during his marriage to Plaintiff and therefore also constituted a marital asset. On September 14, 2004, Seleman executed a quitclaim deed in favor of Rageb, which was recorded on September 20, 2004. (Compl., Count II ¶ 12). Rageb had obtained a mortgage on the Irving Park property from Citizens Bank and Trust Co. of Chicago four months before the execution of the quitclaim deed and used that mortgage to pay off $124,000 of the first mortgage on the property. (Compl., Count II ¶¶ 13-15). The title company handling the closing of the Irving Park property then disbursed $209,000 to Citizens Bank for the benefit of Seleman without Plaintiff's knowledge. (Compl., Count II ¶¶ 15-16).

Count III of the Complaint alleges that Seleman and the other defendants conspired together to deprive Plaintiff her share of the marital assets described in Counts I and II. (Compl., Count III ¶ 20).

## ANALYSIS

When considering a motion under Rule 12(b)(6), a court must take as true all facts alleged in the complaint, and construe all reasonable inferences in favor of the plaintiff. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). A Rule 12(b)(6) motion will not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957). In this regard, "[a]ny need to plead facts that, if true, establish each element of a 'cause of action' was abolished by the Rules of Civil Procedure in 1938." *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). Thus, the plaintiff need not allege all of the facts

3

involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *see Sanjuan*, 40 F.3d at 251 (stating that "[m]atching facts against legal elements comes later"). Any conclusions pled, however, must "provide the defendant with at least minimal notice of the claim." *Kyle v. Morton High School,* 144 F.3d 448, 455 (7th Cir. 1998); *see Sanjuan*, 40 F.3d at 251 ("One pleads a 'claim for relief' by briefly describing the events").

In addition to stating a claim under Rule 12(b)(6), Plaintiff's fraud claims must further satisfy Rule 9(b), which requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). "While [Rule 9(b)] does not require a plaintiff to plead facts that if true would show that the defendant's alleged misrepresentations were indeed false, it does require the plaintiff to state 'the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.'" *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992). The heightened pleading therefore requires a complaint alleging fraud to contain more substance to survive a motion to dismiss as compared to a Rule 12(b)(6) motion based on another cause of action. *See Ackerman v. Nw. Mutual Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999) (stating that Rule 9(b) forces "the plaintiff to do more than the usual investigation before filing his complaint"); *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 777 (7th Cir. 1994) (explaining that "[t]he rule is said to serve three main purposes: (1) protecting a defendant's reputation from harm; (2) minimizing 'strike suits' and 'fishing expeditions'; and (3) providing notice of the claim to the adverse party").

Ravago and Rageb move to dismiss the complaint pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) alleging that Counts I and II fail to describe the alleged fraudulent sales of the two properties with sufficient particularity. Rageb additionally argues that Count I fails because Plaintiff improperly groups her allegations against the defendants and because she did not plead facts sufficient to establish an agency relationship between Ravago and the other defendants. As to Count III, Plaintiff's conspiracy claim, Ravago argues that it must be dismissed with Counts I and II because conspiracy may not be pled as an independent tort separate from the fraud counts. Alternatively, Rageb argues that Plaintiff's conspiracy claim must be dismissed because it also fails to satisfy Rule 9(b)'s particularity requirement.

**COUNT I**

Count I of the Complaint alleges that in 2004 (Compl., Count I ¶ 12) Ravago, Rageb, and others (Compl., Count I ¶ 17) submitted false lien waivers (Compl., Count I ¶ 15) to the title company handling the disbursement for the sale of the King Drive property in Chicago, Illinois (Compl., Count I ¶ 15). Further detailing the alleged misrepresentation, Plaintiff alleges that Ravago and Rageb kicked back $45,000 and $150,000 respectively to Seleman in order to cheat Plaintiff out of her share of the marital property. (Compl., Count I ¶ 17). As such, defendants are now put on detailed notice of each of the parties' actions, when those actions are alleged to have occurred, where those actions occurred and how the scheme was executed. Plaintiff is not required under Rule 9(b) to plead facts that satisfy each element of common law fraud. *See Uni\*Quality, Inc.*, 974 F.2d at 923. Instead, a plaintiff need only plead the "who, what, when, and where" of the alleged fraud sufficient to "reasonably notify the defendants of

5

their purported role in the scheme." *Vicom*, 20 F.3d at 777; *see also DiLeo v. Ernest & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (stating that Rule 9(b) requires the "who, what, when, where and how: the first paragraph of any newspaper story"). Plaintiff has met her burden at this stage.

Rageb separately asserts that Count I must fail because it consistently refers to "the defendants," rather than identifying each defendant individually. (Compl., Count I ¶¶ 12-16). While group pleading often is improper, *see Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990) ("A complaint that attributes misrepresentations to all defendants, lumped together for pleading purposes, generally is insufficient"), it is not always necessary to individualize every allegation constituting the fraud. *See cf. Rosenberg v. CNA Financial Corp.*, 2005 WL 1792191, *8 (N.D. Ill. 2005) ("[T]he need to plead specific allegations as to each defendant is unnecessary as the same allegations apply to each plaintiff"). Group pleading is prohibited when it is used by a plaintiff to ascribe conduct vaguely to all defendants in order to escape Rule 9(b)'s obligations to investigate pre-complaint and plead with particularity. *See Ackerman*, 172 F.3d at 469.

Here, Plaintiff does not use the term "defendants" to avoid pleading with particularity the conduct of each defendant. Instead, Plaintiff describes individual roles within the scheme and lists specific amounts each defendant allegedly kicked back to Seleman in paragraph 17 of Count I. It is apparent that Plaintiff uses the term "defendants" elsewhere in Count I as a way of pleading more simply – as opposed to a separate paragraph for each defendant – that each and every defendant committed the conduct alleged in Count I. Thus, Plaintiff's use of the term "defendants" does not impermissibly lump the defendants together or render her allegations insufficient under

Rule 9(b).

Aside from his 9(b) argument, Rageb argues that Count I must be dismissed because Plaintiff failed to establish an agency relationship existed between Ravago and the other defendants when Ravago submitted false lien waivers on their behalf. *See Connick v. Suzuki Motor Company, Ltd.*, 675 N.E.2d 584, 592 (Ill. 1997) ("A complaint relying on agency must plead facts which, if proved, could establish the existence of an agency relationship"). But Rageb's cursory argument provides no authority for his position that the other defendants' submission of false lien waivers through attorney Ravago requires an agency relationship in order for it to be considered fraudulent nor can the Court ascertain why such a relationship need exist in order for fraud to be alleged.

Rageb also asserts that Count I should be dismissed because Plaintiff fails to allege that the defendants knew that their representations were false. Rule 9(b) provides that "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). Plaintiff alleges that "the defendants conspired with another and with Mr. Seleman to cheat plaintiff," they intentionally and wilfully participated in that conspiracy, and their wrongdoing was intentional. (Compl., Count I ¶¶ 12, 19; Count II ¶ 18; Count III ¶ 21). The mere act of concealment which Plaintiff alleges further reflects that these statements generally aver Defendants' state of mind and intent. As such, Count I of the Complaint survives.

**COUNT II**

Count II of the Complaint alleges that on September 14, 2004, Seleman executed a quitclaim deed in favor of Rageb conveying interest in the Irving Park Property in Chicago, Illinois to Rageb. (Compl., Count II ¶ 11). Four months before the execution of

the quitclaim deed, records in the Cook County Recorder's Office indicate that Rageb mortgaged the Irving Park Property. (Compl., Count II ¶ 14). Plaintiff alleges that the transfer of the Irving Park property to Rageb served to cheat her out of her rightful share of the marital property. (Compl., Count II ¶ 12). Again Defendants have been put on detailed notice of each of the actions which they are alleged to have committed, when and where they committed them and how the scheme was allegedly executed. Nothing more is required pursuant to Rule 9(b).

Rageb contends that Count II nevertheless should be dismissed because the crux of the alleged fraud – that the $209,000 from the transfer of the Irving Park Property was disbursed to or for the benefit of Seleman – is based on "information and belief." (Compl., Count II ¶ 16). Usually, an allegation of fraud may not be based on "information and belief." *See Bankers Trust Co. v. Old Republic Ins. Co.,* 959 F.2d 677, 683 (7th Cir. 1992 (allegations of fraud based on information and belief are "a clearly improper locution under the current federal rules, which impose (in the amended Rule 11) a duty of reasonable precomplaint inquiry not satisfied by rumor or hunch"). However, there is an exception to the particularity requirement when information is inaccessible. *See Corley v. Rosewood Care Center, Inc. of Peoria*, 142 F.3d 1041, 1051 (7th Cir. 1998) ("[R]ule 9(b) must be relaxed where the plaintiff lacks access to all facts necessary to detail his claim"). Plaintiff alleges that she "has been unable to obtain documents to disclose what use was made of the $209,000 disbursed back to Citizens Bank." (Compl., Count II ¶ 15). Because Plaintiff reasonably is unable to access this critical information, it is sufficient that she has pled the grounds for her suspicion. *Old Republic Ins. Co.*, 959 F.2d at 684 ("[T]he duty to plead the circumstances constituting fraud with particularity could not be

fulfilled by pleading those circumstances on 'information and belief' unless they were facts inaccessible to the plaintiff, in which event he had to plead the grounds for his suspicions"). Indeed, accepting the facts alleged by Plaintiff as true, Defendants had every reason to conceal any information regarding their activities. *See Phoenix Bond & Indemnity, Co. v. Bridge*, 2005 WL 3527232, *6 (N.D. Ill. 2005) ("[F]ederal Rule of Civil Procedure 11(b)(3) grants some flexibility to Rule 9(b) particularity requirement, allowing pleadings 'based on evidence reasonably anticipated after further investigation or discovery'"). Plaintiff thus must be given a reasonable opportunity through discovery to determine what happened to the $209,000. Accordingly, Count II survives.

**COUNT III**

The Moving Defendants offer differing rationales as to why Count III of the Complaint should be dismissed. Ravago relies on the proposition that "[c]ivil conspiracy may not be plead as an independent tort." *Thomas v. Fuerst*, 803 N.E.2d 619, 626 (1st Dist. 2004). Because Counts I and II will not been dismissed, Ravago's rationale for dismissing Count III fails.

Alternatively, Rageb asserts that Count III should be dismissed because Plaintiff failed to plead conspiracy with specificity. But "conspiracy is not something that Rule 9(b) of the Federal Rules of Civil Procedure requires be proven with particularity, and so a plain and short statement will do." *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006). This plain and short statement, however, must allege "the parties, the general purpose, and the approximate date of the conspiracy." *Id.* at 443. Plaintiff alleges in Counts I and II the acts that constitute the alleged conspiracy. In each count, Plaintiff has asserted (1) the parties involved (both Moving Defendants in Count I and Rageb in Count II), (2) the

9

general purpose (to defraud her out of her share of the martial property through the sale of real property), and (3) the approximate date of the conspiracy (2004 in Count I and May through September of 2004 in Count II). Thus, Plaintiff has pled facts regarding the conspiracy sufficient for Count III to survive the motions to dismiss. *See Loubser,* 440 F.3d at 443 (finding that, given the nature of the conspiracy, pro se plaintiff pled enough facts even though she could not assert "[t]he dates on which particular defendants joined the conspiracy").

Finally, Regab argues that Plaintiff's "sham transaction theory" constitutes an invalid amendment of the Complaint. In response to the motions to dismiss, Plaintiff argues that it is fraudulent to represent that property is being sold or transferred when no actual interest in the property is changing hands.

Courts in this district have examined the uncertain boundary between amending a complaint and supplementing a complaint through a response to a motion to dismiss and have explained that "a plaintiff may assert additional facts to clarify an existing claim, but he may not amend (that is, correct or alter) his complaint such that he essentially asserts a new claim." *Jones v. Sabis Educational Systems, Inc.*, 1999 WL 1206955, *3 (N.D. Ill. 1999); *see Pioneer Electronics (USA), Inc. v. Erazmus*, 1998 WL 150706, *1 (N.D. Ill. 1998) (distilling Seventh Circuit case law on the propriety of raising new facts in a response to a motion to dismiss). Nothing in Plaintiff's response to the motions to dismiss raises new allegations or claims outside the scope of the Complaint. Plaintiff's response simply contains legal argument that a fraud was committed against her, not new claims. Plaintiff's sole causes of action remain common law fraud and conspiracy based on the sale of two real properties. Accordingly, Plaintiff has not amended her Complaint.

**Conclusion and Order**

Wherefore, Defendant Joseph S. Ravago's and Defendant Sami M. Rageb's motions to dismiss are denied. Each defendant is ordered to answer the Complaint within twenty-one days of this order.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: June 27, 2006